IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YANCY B.,[1] | ) |
|     Plaintiff, | ) ) ) No. 23 C 15883 |
| v. | ) ) Magistrate Judge |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) Maria Valdez ) ) |
|     Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Yancy B.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Commissioner of Social Security [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 23, 2021, Plaintiff filed applications for DIB, alleging disability since May 26, 2016. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 24, 2022. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Don Wang also testified.

On May 3, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 26, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairment: degenerative change of lower lumbar spine. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual

Functional Capacity ("RFC") to perform light work with the following additional limitations: frequent climbing ramps and stairs, but occasional climbing ladders, ropes, and scaffolds; frequent balancing, kneeling, crouching, and crawling; occasional stooping; avoiding concentrated exposure to fumes, dusts, gases, and poor ventilation as a precaution due to asthma; and avoiding concentrated exposure to unprotected heights and moving mechanical parts.

At step four, the ALJ concluded that Plaintiff would be able to perform his past relevant work as a courtesy van driver (patient transporter). Plaintiff's claims were denied on the basis of this step four finding.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as

4

adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial

5

evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ's conclusion that Plaintiff could perform work at a light level of exertion was not supported by substantial evidence or the relevant legal standards given it was based upon stale medical opinions and the ALJ's own implicit evaluation of new medical imaging. In advancing this argument, Plaintiff argues that the ALJ (1) failed to address anywhere in her decision a 2021 MRI that showed a worsening of Plaintiff's disc protrusion, and (2) should have re-submitted Plaintiff's case to medical expert scrutiny in light of this imaging.

With respect to the consideration of the MRI by medical experts, Plaintiff notes that the state agency report authored by Dr. James Hinchen specifically lists 2016 and 2018 MRIs' findings that Plaintiff suffered from disc displacement and

6

disc protrusion respectively. (*See* R. 91.) But nowhere in Dr. Hinchen's report is the 2021 MRI mentioned. (*See generally* 87-93.) Defendant contends that Dr. Hinchen did in fact review the MRI, because it was included in the medical evidence listed as "received" in the report. (R. 87.) In support of this argument, Defendant cites only two regulations and the Social Security Administration's Program Operations Manual System, which state that state agency consultants consider all the medical evidence in the record. But of course, simply because these authorities describe what *should* happen, that does not mean that it always *does* happen—just because it was received, it does not follow that it was reviewed.

"An ALJ should not rely on a state agency medical consultant's medical opinion as evidence where that medical consultant has not reviewed all the pertinent evidence." *Carlota v. Saul*, 2019 U.S. Dist. LEXIS 125626, *18 (N.D. Ill. July 29, 2019). Here, it is not clear whether Dr. Hinchen reviewed the 2021 MRI or not, but his failure to list it where he explicitly listed the 2016 and 2018 MRIs raises serious concerns as to whether he did. But Dr. Hinchen's potential failure to consider the 2021 MRI alone does not necessarily warrant remand, as it is ultimately the ALJ's decision that must be based on substantial evidence.

As noted above, and as Defendant points out, an ALJ "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. While true, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron*, 19 F.3d at 333. The 2021 MRI is plainly relevant to

7

whether Plaintiff is disabled. Thus, even if Dr. Hinchen did not consider the 2021 MRI, if the ALJ did, then her decision would still be based on substantial evidence.

As with Dr. Hinchen's report, the Court does not and cannot know whether the ALJ considered the 2021 MRI because she failed to articulate anywhere in her decision whether she considered it. Dr. Hinchen's report is discussed, but as explained, it is not clear that he considered the 2021 MRI in authoring that report. The Court notes that the 2021 MRI was performed after Plaintiff's date last insured, but, because the ALJ did not discuss it, it is not clear whether it bears on the extent of Plaintiff's impairment during the relevant time frame.

Defendant does not dispute that the ALJ did not address the MRI in her decision, but rather cites a passage from *Warnell* for the proposition that she did not need to, because Plaintiff did not demonstrate that the evidence compels a contrary result in this context. Defendant's reliance on this passage from *Warnell* in the instant context is misplaced. In *Warnell*, the Seventh Circuit said that an ALJ is free to reject a Plaintiff's experts' opinions when the medical evidence in the record contradicts the experts' conclusions. Here, it is not clear that the ALJ considered all of the relevant medical record in the first instance because she failed to articulate whether she did.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the decision of the Commissioner of Social Security [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that

8

this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:**    <u>**November 7, 2024**</u>

**HON. MARIA VALDEZ**
**United States Magistrate Judge**